THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DÁMASO CRESPO PANTOJAS, Defendant and Appellant.

No. CR-62-283.     Decided April 25, 1963.

*Tomás de Jesús Castro* for appellant. *J. B. Fernández Badillo,*
Solicitor General, and *Américo Serra, Assistant Solicitor*
General, for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge
of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted of violating the
Spirits and Alcoholic Beverages Act because on October 9,
1960 he had in his possession a glass container (a pint)
containing cane rum, without said container having adhered
thereto the corresponding internal revenue stamps.

■ The errors assigned are frivolous because (a) the
evidence for the prosecution is sufficient to support the con-
viction, and said evidence overcame the presumption of in-
nocence, (b) the trial court did not disregard the juridical
principle of reasonable doubt, (c) it was proved that the
container did not have the internal revenue stamps adhered
thereto, and (d) the specific intention of defrauding the
Treasury of Puerto Rico is not an element of the offense
charged against the appellant.

Police Sergeant Santiago testified, and the court believed
him, that on October 9, 1960 he was on duty walking along
a public footpath in a ward of Vega Alta, which runs parallel
to a house under the charge of a certain lady; he witnessed

154

that several persons ran from one side to another; that the defendant was between the kitchen and the house situated on said pathway and that when he saw him he ran to the kitchen; that the defendant threw a pint bottle against the floor which exploded and gave forth a disagreeable odor of cane rum; that with the permission of the lady in charge he entered the house, picked up the pieces of glass and smelled them; that the bottle which he saw the man break did not have the stamps because pieces of glass did not have them; that the defendant told him that he had bought the bottle of cane rum there and then the witness arrested him and took him before a judge.

The evidence for the defense tended to show that the defendant was invited by other persons to take rum and then he asked the lady in charge for a pint of cane rum and when it was being brought to him somebody yelled, the police! The lady then retreated and they heard a noise as if something had been broken.

The only conflict in the evidence relates to the person who had in his possession the pint of cane rum and that conflict was decided by the judge against the defendant in the exercise of the sound discretion granted to him by law: *People v. Blanco,* 68 P.R.R. 862 (1948). The testimony of the police sergeant was neither vague nor contradictory and it was sufficient to support appellant's conviction. *People v. Pérez,* 80 P.R.R. 289 (1958); *People v. Rodríguez,* 80 P.R.R. 287 (1958); *People v. Santana,* 79 P.R.R. 116 (1956), and *People v. Comas,* 75 P.R.R. 388 (1953).

It is obvious that the best evidence to prove whether the duty has been paid is the container with the beverage, but said container having been destroyed by defendant himself, preventing thereby its presentation in evidence, the other evidence—testimony of Sergeant Santiago—was proper to show that the duty had not been paid. *People v. Escobar,* 62 P.R.R. 220 (1943).

■ As to appellant's allegation that there was no proof of intention to defraud the Treasury of Puerto Rico, it will suffice to remember that the basis "for making a person responsible for the violation of one or more of the prohibited acts covered by § 21 is the act of transporting, possessing, purchasing, selling or transferring the distilled spirits or alcoholic beverages when the container or containers do not have affixed thereto the internal revenue stamps prescribed by the Act." *People* v. *Díaz*, 71 P.R.R. 472, 476 (1952).

The judgment appealed from will be affirmed.